UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MINERVA GONZALEZ, §<br>   Plaintiff, §<br>§<br>v. §<br>§<br>GREAT LAKES REINSURANCE §<br>(UK) SE F/K/A GREAT LAKES §<br>REINSURANCE (UK) PLC, and §<br>THE LITTLETON GROUP- §<br>EASTERN DIVISION, INC. §<br>   Defendants. § | CIVIL ACTION NO. 7:16-cv-00547 |

### NOTICE OF REMOVAL

Defendant Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc) ("Great Lakes") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.   BACKGROUND

1.   On July 27, 2016, Plaintiff Minerva Gonzalez ("Plaintiff"), filed this action in the 92nd Judicial District Court of Hidalgo County, Texas, bearing Docket Number C-3491-16-A (the "State Court Action"). Plaintiff's First Amended Petition and Request for Disclosure (the "Complaint"), filed on August 16, 2016, is the live pleading in this case. (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as Exhibit C-4).

2.   Defendant, The Littleton Group-Eastern Division, Inc. ("Littleton"), was served on August 18, 2016.

3.   Great Lakes was served with Plaintiff's Complaint on August 17, 2016. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Great Lakes,

it being filed no more than thirty (30) days after service of the Complaint on Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.  Complete diversity exists between Plaintiff and the properly joined defendant, Great Lakes.**

5. Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

6. Plaintiff alleges in the Complaint that she resides in Hidalgo County, Texas; therefore, she is a citizen of Texas.[1]

7. Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in the United Kingdom; therefore, Great Lakes is a citizen of the United Kingdom.

8. Thus, there is complete diversity of citizenship between Plaintiff and Great Lakes.

**B.  Littleton was improperly joined.**

### i. *Applicable standard for improper joinder.*

9. The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[2] Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[3] The

---

[1] *See* Complaint, at 3.
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[4] Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[5] "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[6] "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[7]

10. Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[8] In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[9] "This possibility [of recovery], however, must be reasonable, not merely theoretical."[10] "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[11]

11. The Fifth Circuit recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim

---

[4] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[5] *Smallwood*, 385 F.3d at 572.
[6] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[7] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[8] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[9] *Smallwood*, 385 F.3d at 572.
[10] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

to determine if the plaintiff has stated a claim against a non-diverse defendant.[12]  A plaintiff fails to state a claim upon which relief may be granted as required under Fed. R. Civ. P. 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[13] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

12. To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[17]  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[19] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[21]

> ii. *There is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Littleton; therefore, Littleton was improperly joined.*

---

[12] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[14] *Id.*
[15] *Id.* at 678.
[16] *Id.*
[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[19] *Collins*, 224 F.3d at 498.
[20] *Twombly*, 550 U.S. at 555 (emphasis added).
[21] *Iqbal*, 556 U.S. at 667.

13. Plaintiff has asserted the following claims against Littleton: (1) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (2) violation of Section 541.060(a)(1) of the Texas Insurance Code; (3) violation of Sections 21.203(1) and (16) of the Texas Administrative Code; (4) conspiracy; and (5) fraud. There is no reasonable basis to predict that Plaintiff can recover on any of these claims against Littleton, the adjusting firm of the claim at issue in this case. Therefore, Littleton was improperly joined.

    a. **Plaintiff fails to state a claim upon which relief may be granted against Littleton under the DTPA.**

14. There is no reasonable basis to believe that Plaintiff can recover under its DTPA claim because Littleton was not involved in the sale or provision of an insurance policy to Plaintiff, and Plaintiff has not and cannot allege that Littleton made any representations that induced Plaintiff into the <u>purchase</u> of an insurance policy.

15. Only a "consumer" can maintain a cause of action directly under the DTPA.[22] A "consumer" is defined as one "who seeks or acquires by purchase or lease, any goods or services."[23] Plaintiff cannot allege that Littleton sold or provided any goods or services to Plaintiff or made any representations in an attempt to sell or provide any goods or services to Plaintiff. As Plaintiff admits in its Complaint, Great Lakes was the party who provided the insurance coverage at issue.[24] Littleton is an adjusting company hired to provide an estimate of the property damage allegedly.[25] Littleton has no contractual relationship with Plaintiff and has

---

[22] *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000) (citing Tex. Bus. & Com. Code § 17.50(a); *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351 (Tex. 1987)).
[23] *Id.* (citing Tex. Bus. & Com. Code § 17.45(4)).
[24] *See* Complaint, 3–4.
[25] *See id.* at 2–5.

not engaged in an attempt to sell services to Plaintiff.[26] Therefore, there is no reasonable basis to predict that Plaintiff can recover against Littleton for alleged violations of the DTPA.

> **b.    Plaintiff fails to state a claim upon which relief may be granted against Littleton for allegedly violating Section 541.060(a)(1) of the Insurance Code.**

16.     There is no reasonable basis to predict that Plaintiff can recover on its claim that Littleton violated Section 541.060(a)(1) of the Texas Insurance Code because all of Plaintiff's allegations regarding Littleton relate to the inspection of the Property, not regarding any alleged representation regarding the details of the policy at issue.

17.     Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."[27]  In *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of a policy, not the facts giving rise to a claim for coverage."[28] "'[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered.'"[29]  In *Messersmith*, the plaintiff alleged "that there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage."[30]  The Northern District found that these allegations did not give rise to a claim against the defendant adjuster because they were not about the breadth or existence of coverage.  Instead the allegations were

---

[26] *See* **Exhibit \_\_\_**.
[27] Tex. Ins. Code § 541.060(a)(1).
[28] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014).
[29] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).
[30] *Id.* at 724 (quotation marks removed).

about the facts that gave rise to a claim under the policy.[31] The allegations in this case are no different.

18. Plaintiff alleges in its Complaint that Littleton failed to perform a thorough inspection of the Property and failed to report all of the alleged damage. On the face of these allegations, Plaintiff has failed to state a claim against Littleton for violation of Section 541.060(a)(1). Just as in *Messersmith*, all of Plaintiff's allegations regarding Littleton relate solely to the facts giving rise to a claim for coverage. Plaintiff makes no allegation that Littleton made any representations to them regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1). Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict that Plaintiff can recover against Littleton for alleged violations of Section 541.060(a)(1).

        **c.     Plaintiff fails to state a claim upon which relief may be granted against Littleton for allegedly violating the Texas Administrative Code.**

19. Plaintiff alleges Littleton violated Sections 21.203(a) and (16) of the Texas Administrative Code. However, Section 21.203 only applies to insurers.[32] As Plaintiff admits in its Complaint, Littleton is an adjusting company. Littleton is not an insurer.[33] Therefore, there is no reasonable basis to predict that Plaintiff can recover against Littleton for alleged violations of Section 21.203 of the Texas Administrative Code.

        **d.     Plaintiff fails to state a claim upon which relief may be granted against Littleton for conspiracy to commit fraud.**

---

[31] *Id.*
[32] 28 Tex. Admin. Code § 21.203 ("No **insurer** shall engage in unfair claim settlement practices. Unfair claim settlement practices means committing or performing any of the following: (1) misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue; . . . (16) failing to respond promptly to a request by a claimant for personal contact about or review of the claim." (emphasis added)).
[33] *See* **Exhibit \_\_\_**.

20. Plaintiff fails to state a claim upon which relief may be granted against Littleton for conspiracy to commit fraud because Plaintiff has not and cannot allege it relied on any representation by Littleton. In order to successfully sustain a claim for fraud, a plaintiff must show that the defendant (a) made a representation to the plaintiff; (b) the representation was material; (c) the representation was false; (d) when the representation was made, the defendant knew the representation was false or made the representation with reckless disregard for its truth; (e) the defendant made the representation with the intent that the plaintiff act on the representation; (f) <u>the plaintiff relied on the representation</u>; and (g) the representation caused injury to the plaintiff.[34]

21. In this case, the only act Plaintiff alleges it made is to purchase insurance from Great Lakes. Additionally, Plaintiff does not and cannot allege that Littleton was involved in the sale of the insurance policy at issue to Plaintiff or the sale of any insurance policy to Plaintiff. Because Plaintiff has not established, and cannot establish, the elements necessary for a fraud claim against Littleton, there is no reasonable basis to predict that Plaintiff can prevail on this claim against Littleton.

22. Further, a claim for conspiracy is a derivative tort.[35] "That is, a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."[36] Because Plaintiff has failed to state a claim for any underlying tort against Littleton, or Great Lakes for that matter, Plaintiff has also failed to state a claim for conspiracy, and there is no reasonable basis to predict Plaintiff could recover against Littleton on this claim.

---

[34] *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011).
[35] *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).
[36] *Id.*

**B.     Amount in Controversy Exceeds $75,000.**

23.     Plaintiff is seeking "monetary relief over $100,000 but not more than $200,000."[37]  Because the face of the Complaint establishes that Plaintiff seeks damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.     VENUE

24.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 92nd Judicial District Court of Hidalgo County, Texas, the forum in which the removed action was pending.

### IV.     ADDITIONAL REQUIREMENTS

25.     Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 92nd Judicial District Court of Hidalgo County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

26.     Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[38]

27.     Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

**Exhibit A**:          Listing of All Parties and Counsel of Record;

**Exhibit B**:          Civil Cover Sheet;

**Exhibit C**:          Index of All Documents Filed in State Court Action;

---

[37]     *See* Complaint, at 1.
[38] *See* **Exhibit C**:  Index of All Documents Filed in State Court Action.

**Exhibits C-1 - C-8**: Copies of all filings in State Court Action and State Court Docket Sheet;

**Exhibit D**: List of Action Being Removed.

WHEREFORE, Defendant, Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc), prays that this matter be removed to the United States District Court for the Southern District of Texas, McAllen Division, for further proceedings and disposition.

Respectfully submitted,

By:  */s/ Eddy De Los Santos*
**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Katriel Statman**
Texas Bar No. 24093197
Federal ID No. 2513924
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc)*

### CERTIFICATE AND NOTICE OF FILING

I certify that on September 12, 2016, the Notice of Removal was sent to the District Clerk of Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Katriel Statman*
Katriel Statman

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on September 12, 2016, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

John Saenz
Hilary N. Duncan
John Saenz & Associates, P.C.
805 Dallas Ave.
McAllen, Texas  78501
***CM/RRR #7015 3010 0001 4473 6406***

                                              */s/ Katriel Statman*
                                              Katriel Statman