## EXHIBIT C

### INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---------|------------|----------------|
| C-1 | | STATE COURT DOCKET SHEET |
| C-2 | 07/27/16 | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE |
| C-3 | 07/28/16 | SERVICE ISSUED - GREAT LAKES REINSURANCE (UK) SE AND THE LITTLETON GROUP-EASTERN DIVISION |
| C-4 | 08/16/16 | PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE |
| C-5 | 08/17/16 | SERVICE ISSUED - THE LITTLETON GROUP-EASTERN DIVISION, INC. |
| C-6 | 08/23/16 | SERVICE RETURNED - LITTLETON GROUP-EASTERN DIVISION, INC. |
| C-7 | 08/23/16 | SERVICE RETURNED - GREAT LAKES REINSURANCE (UK) SE |
| C-8 | 09/12/16 | DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES |

Skip to Main Content   Logout   My Account   Search Menu   New Civil Search   Refine Search   Back

Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. C-3491-16-A

| | | |
|---|---|---|
| MINERVA GONZALEZ VS. GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Consumer/Commercial/Debt (OCA)**<br>Date Filed: **07/27/2016**<br>Location: **92nd District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **GREAT LAKES REINSURANCE (UK) SE** | |
| **Defendant** | **THE LITTLETON GROUP-EASTERN DIVISION, INC** | |
| **Plaintiff** | **GONZALEZ, MINERVA** | John Saenz<br>*Retained*<br>956-467-0111(W)<br><br>Hilary Nicole Duncan<br>*Retained*<br>956-467-0111(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 07/27/2016 | Original Petition (OCA)<br>*POP and RFD* | | | |
| 07/28/2016 | **Citation**<br>*E-SERVED TO: LESVIAJSAENZLAWFIRM@GMAIL.COM* | | | |
| | GREAT LAKES REINSURANCE (UK) SE | Served<br>Returned | 08/17/2016<br>08/23/2016 | |
| | THE LITTLETON GROUP-EASTERN DIVISION, INC | Served<br>Returned | 08/18/2016<br>08/23/2016 | |
| 07/28/2016 | Service Issued<br>*2 CIT.* | | | |
| 08/16/2016 | First Amended<br>*PETITION* | | | |
| 08/17/2016 | **Citation**<br>*E-SERVED TO: LESVIAJSAENZLAWFIRM@GMAIL.COM* | | | |
| | THE LITTLETON GROUP-EASTERN DIVISION, INC | Unserved | | |
| 08/17/2016 | Service Issued<br>*1 CIT.* | | | |
| 08/23/2016 | Service Returned<br>*Service Complete for The Littleton Group-Eastern Division 8.18.16* | | | |
| 08/23/2016 | Service Returned<br>*for Great Lakes Reinsurance (UK) SE SERVED ON 8/17/16* | | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff GONZALEZ, MINERVA**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 09/07/2016** | | | 364.00<br>364.00<br>**0.00** |
| 07/28/2016 | Transaction Assessment | | | 350.00 |
| 07/28/2016 | EFile Payments from TexFile | Receipt # DC-2016-057759 | GONZALEZ, MINERVA | (350.00) |
| 08/16/2016 | Transaction Assessment | | | 10.00 |
| 08/16/2016 | EFile Payments from TexFile | Receipt # DC-2016-062950 | GONZALEZ, MINERVA | (10.00) |
| 08/23/2016 | Transaction Assessment | | | 2.00 |
| 08/23/2016 | EFile Payments from TexFile | Receipt # DC-2016-064900 | GONZALEZ, MINERVA | (2.00) |
| 08/24/2016 | Transaction Assessment | | | 2.00 |
| 08/24/2016 | EFile Payments from TexFile | Receipt # DC-2016-065062 | GONZALEZ, MINERVA | (2.00) |

EXHIBIT C-1

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-3491-16-A
_____

| | | |
|---|---|---|
| MINERVA GONZALEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (UK) | § | |
| SE F/K/A GREAT LAKES | § | |
| REINSURANCE (UK) PLC, and THE | § | |
| LITTLETON GROUP-EASTERN | § | |
| DIVISION, INC. | § | HIDALGO COUNTY, TEXAS |
| *Defendants* | § | |

---

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF, MINERVA GONZALEZ, (hereinafter referred to as "PLAINTIFF"), and files this Plaintiff's Original Petition against DEFENDANTS, GREAT LAKES REINSURANCE (UK) SE F/K/A GREAT LAKES REINSURANCE (UK) PLC, and THE LITTLETON GROUP-EASTERN DIVISION, INC., and for cause of action would respectfully show the Court the following:

### I.  Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 2.

### II.  Claim for Relief

Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

EXHIBIT C-2

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

### III.

DEFENDANT, GREAT LAKES REINSURANCE (UK) SE, F/K/A GREAT LAKES REINSURANCE (UK) PLC (hereinafter referred to as "GREAT LAKES"), is an insurance company doing business in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service at the following: Drinker Biddle, 1177 Avenue of The Americas, Fl. 41, New York, NY 10036-2714.

DEFENDANT, THE LITTLETON GROUP-EASTERN DIVISION, INC. (hereinafter referred to as "LITTLETON"), is a insurance adjusting company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service at the following: Drinker Biddle, 1177 Avenue of The Americas, Fl. 41, New York, NY 10036-2714.

GREAT LAKES and LITTLETON are in the business of insurance in the State of Texas. The insurance business done by DEFENDANTS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF's application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

4.      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF.

5.      The adjusting and inspection of PLAINTFF's insurance claims;

6.      Making insurance coverage decisions;

7.      Taking part in making insurance coverage decisions; and

8.      Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions.

PLAINTFF is a consumer of DEFENDANTS', in that PLAINTIFF purchased insurance from said entity and/or service to be provided by it. Each of said DEFENDANTS are individuals, corporations, associations, partnerships, or other legal entities engaged in the business of insurance. Such DEFENDANTS constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

### IV. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue were issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; Plaintiff's losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiff's claims and causes of action occurred in HIDALGO County, Texas.

### V. Facts

GREAT LAKES and LITTLETON and/or their agents committed the actions alleged by PLAINTIFF, MINERVA GONZALEZ, in this complaint. PLAINTIFF owns the property located at: 211 S. Diana St., Elsa, Texas 78543; Policy No. GP15310737451;

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

Claim No. MDC39657.   GREAT LAKES provided insurance coverage to the PLAINTIFF for such dwelling, and personal property, as described above.

Due to storms that occurred in HIDALGO County, Texas on May 30, 2015, PLAINTIFF sustained covered losses in the form of windstorm and water damages resulting therefrom, including, but not limited to, damage to the roof, interior ceilings and walls, and architectural finishes of the property. Said damages occurred during the term of PLAINTIFF's insurance policy. As a result, PLAINTIFF's property sustained damage, including the cost of destruction and restoration of the property necessary to assess and fix the damaged areas.

PLAINTIFF reported the loss to GREAT LAKES pursuant to the terms of the insurance policy. Following PLAINTIFF's claim to GREAT LAKES, an adjuster was sent to the property to assess the damage.  The inspection of the property proved to be inadequate.  The adjuster did not take the time to truly inspect all of the damage that was present, he merely performed a precursory overview, incorrectly dismissing PLAINTIFF's damages as non-storm related.  While a small portion of PLAINTIFF's damages were acknowledged, it was incorrectly categorized PLAINTIFF's damages as uncovered, as non-storm related or as resulting from air duct condensation. GREAT LAKES was thus able to wrongly deny payment for the damages.  PLAINTIFF knew this categorization was false, as the damages occurred following the May 2015 storm. The adjuster did not formally and accurately address the full scope of PLAINTIFF's damages in an estimate. DEFENDANTS completely failed to properly investigate PLAINTIFF's claim, thus any coverage response to the claim was premature.

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

DEFENDANTS incorrectly categorized PLAINTIFF's damages as non-storm related.  It further failed to properly asses PLAINTIFF's damages and denied payment for PLAINTIFF's covered damages. GREAT LAKES did not offer any detailed explanation of PLAINTIFF's coverage or its decision; it simply redacted vague policy language. PLAINTIFF has no understanding of GREAT LAKES's coverage decision as the damages were sustained as a result of the May 2015 storm.

PLAINTIFF's property has since been inspected by an outside contractor who performed a complete inspection of the property, and it has become apparent both that PLAINTIFF suffered extensive storm damage as a result of the May 30, 2015 storm, and also that DEFENDANTS grossly underrepresented the extent of PLAINTIFF's storm damages and the cost that it would take to repair the damages, damages that were covered under PLAINTIFF's insurance policy with GREAT LAKES.  The adjuster failed to properly estimate PLAINTIFF's covered damages. In not performing a complete inspection of the property and not including the full scope of PLAINTIFF's covered damages in an estimate of repair costs, DEFENDANTS did not perform a reasonable investigation into PLAINTIFF's claim.

PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of GREAT LAKES'S conduct.

**VI.  Agency and Respondent Superior**

Whenever in this petition it is alleged that the DEFENDANTS did any act or omission, it is meant that DEFENDANTS itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

authorization or ratification of DEFENDANTS or done in normal routine, course and scope of the agency or employment of DEFENDANTS or their agents, officers, servants, employees, or representatives.

## VII.  Conditions Precedent

All notices and proofs of loss were timely and properly given to DEFENDANTS, in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to GREAT LAKES. All of the conditions precedent to bring this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF's recovery have occurred and/or have been performed, GREAT LAKES has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VIII.   Breach of Contract-GREAT LAKES

PLAINTIFF purchased an insurance policy with GREAT LAKES.  PLAINTIFF's property sustained storm damage, covered under the insurance policy. GREAT LAKES has denied payment of PLAINTIFF's covered claims. GREAT LAKES has no reasonable basis for denying, delaying, and failing to pay PLAINTIFF's claim for damages. GREAT LAKES knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay the entirety of such claims as they relate to storm damage to the property, covered by PLAINTIFF's policy. Had DEFENDANTS' adjuster performed a proper inspection of PLAINTIFF's property, DEFENDANTS would know the full

Electronically Filed
9/7/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

extent of the damage. The conduct of GREAT LAKES was irresponsible, and unconscionable as DEFENDANTS did not properly investigate PLAINTIFF's claim and is attempting to deny payment for PLAINTIFF's claim for covered damages. GREAT LAKES took advantage of the PLAINTIFF's lack of sophistication in insurance and construction matters to a grossly unfair degree in omitting all covered damages in an estimate and misrepresenting to PLAINTIFF that PLAINTIFF claim did not warrant payment from GREAT LAKES. By this conduct, GREAT LAKES has misrepresented PLAINTIFF's coverage, extent of damages, and cost to repair.  Through its actions herein and in Section V above, DEFENDANTS breached its contract with the PLAINTIFF. The conduct of GREAT LAKES has proximately caused the injuries and damages to the PLAINTIFF.

## IX.      DTPA Violations-GREAT LAKES

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). In not performing a thorough investigation into PLAINTIFF's claim, not performing a thorough inspection of PLAINTIFF's property, undervaluing PLAINTIFF's repair costs, and basing its coverage amount on an inspection that did not include the full scope of PLAINTIFF's damages, GREAT LAKES took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes.  In stating that there was no coverage for PLAINTIFF's certain damages, GREAT LAKES misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding covered damages to PLAINTIFF's property. By its conduct in herein and in Section V above, GREAT

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

LAKES has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

(a)    GREAT LAKES made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    GREAT LAKES actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    GREAT LAKES failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by GREAT LAKES at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, GREAT LAKES violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

GREAT LAKES's conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues. The conduct of GREAT LAKES was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, GREAT LAKES may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## X.  Unfair Insurance Practices-GREAT LAKES

GREAT LAKES failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair.  GREAT LAKES based its coverage off of an incomplete assessment of PLAINTIFF's damages as damages were omitted from an estimate.  DEFENDANTS represented to PLAINTIFF that it based its coverage decision on the full scope of damage to the property when this was not the case. As such, GREAT LAKES's investigation of PLAINTIFF's claim was improper. By attempting to dispose of the claim without fully assessing all of the damages and cost to repair, DEFENDANTS did not properly process PLAINTIFF's claim.  In stating that there was no coverage, DEFENDANTS has misrepresented material facts to the PLAINTIFF regarding the coverage and extent of the damages.  In relying on inspections that did not account for the full scope of PLAINTIFF's property damage, and then subsequently denying or delaying payment of PLAINTIFF's claim based on the inaccuracies of the inspection, GREAT LAKES failed to address all the damage to the property and its contents causing further damage to PLAINTIFF.

GREAT LAKES has intentionally failed to properly inspect the property and PLAINTIFF's damages before denying payment on the claim, intentionally failed to fully investigate the losses, failed to properly convey all information to PLAINTIFF by not informing him of the full extent of damages that needed to be addressed, and has intentionally and completely ignored those damages.  PLAINTIFF's property suffered from covered losses and damages of which DEFENDANTS is fully aware, particularly as

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

it has since received an estimate based on a complete and thorough inspection from an independent, outside contractor. GREAT LAKES has concealed damage known by it to exist by failing to assess certain damages from any estimate of costs and not performing a proper investigation into PLAINTIFF's claim. GREAT LAKES has known about covered storm damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PALINTIFF's pleas for help. GREAT LAKES has failed to warn PLAINTIFF of consequential damage to the property.

By its conduct outlined above, GREAT LAKES committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. GREAT LAKES committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     GREAT LAKES failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF's claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     GREAT LAKES failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     GREAT LAKES refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     GREAT LAKES breached its duty of good faith and fair dealing at common law;

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

(5)     GREAT LAKES failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     GREAT LAKES failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)     GREAT LAKES compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)     GREAT LAKES violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)     GREAT LAKES undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)     GREAT LAKES made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)     the terms of the policy; and/or

(ii)     the benefits or advantages promised by the policy.

(11)     GREAT LAKES made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

(12)     GREAT LAKES failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(13)     GREAT LAKES made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(14)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(15)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

GREAT LAKES'S conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three times the amount of actual damages due to GREAT LAKES's knowing conduct.

**XI.     Breach of the Duty of Good Faith and Fair Dealing-GREAT LAKES**

From and after the time the PLAINTIFF's claims were presented to GREAT LAKES, liability to pay the claims in accordance with the terms of the insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF's claims, GREAT LAKES refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, GREAT LAKES knew or

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

should have known by the exercise of reasonable diligence that liability was reasonably clear, particularly when GREAT LAKES received PLAINTIFF's estimate from the disinterested contractor that inspected the property. As previously stated in Section V above, GREAT LAKES failed to conduct a reasonable and proper inspection of the claims; by ignoring damages and by its improper investigation and estimation of repair costs, GREAT LAKES refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims. This constitutes failing to handle or process PLAINTFF's claims in good faith, an affirmative duty placed on the DEFENDANTS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, GREAT LAKES breached its duty to deal fairly and in good faith with the PLAINTIFF. GREAT LAKES breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which she sues.

XII.    **Texas Insurance Code 542, Subchapter B Delay in Payment-GREAT LAKES**

Following the May 2015 storm, PLAINTIFF gave notice of the claim to DEFENDANTS, GREAT LAKES. GREAT LAKES has engaged in unfair settlement claims practices as discussed in Section V above and denied and/or delayed payment on PLAINTIFF's claim. GREAT LAKES did not properly investigate PLAINTIFF's claim, and its reliance on reports from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable as a thorough inspection was not performed and it did not take into account all of PLAINTIFF's damages. GREAT LAKES's investigation and use of adjusters' reports was an "outcome oriented investigation" that omitted several covered losses. PLAINTIFF alleges that GREAT LAKES has overused its adjusters and

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

disputes the reliability of its investigative findings as GREAT LAKES's estimate was a fraction of that provided by the disinterested contractor.  GREAT LAKES failed to comply with the requirements of Chapter 542 listed herein:

    (a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

    (b)    Failing to pay PLAINTIFF's claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

    (c)    Failing to request all of the items, statements and forms the DEFENDANTS reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from GREAT LAKES the statutory penalty of 18% per annum on all amounts due on PLAINTIFF's claim, together with attorney's fees, for which she sues.

### XIII. Allegations Against LITTLETON

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). LITTLETON is a "person" subject to the insurance code by its conduct outlined, and engaged in DTPA violations. In not performing a thorough inspection, leaving covered damages off of an accurate estimate of the covered damages, and failing to appropriately value the costs of repair, LITTLETON took advantage of PLAINTIFF's lack of knowledge in

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

construction and insurance claims processes.  In not reporting all of PLAINTIFF's covered damages in its inspection, DEFENDANT misrepresented losses covered under the insurance policies and failed to disclose pertinent information regarding damages to PLAINTIFF's property by failing to inform PLAINTIFF of damages that needed to be addressed.   By its conduct herein and in Section V above, LITTLETON has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

 (1)  LITTLETON made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§ 17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

 (2)  LITTLETON actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief  under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

 (3)  As described above, LITTLETON violated Chapter 541.060, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

LITTLETON'S conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues.  The conduct of LITTLETON was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, LITTLETON may be subject to  liability  for additional damages

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

LITTLETON did not inspect the entirety of PLAINTIFF's property damages, and as such, did not report the full scope of damages an estimate of cost to repair. In doing such, LITTLETON failed to inform PLAINTIFF of material facts such as the cause of damage, true scope of damage and repair cost. LITTLETON failed to properly process claims in not performing a proper investigation into PLAINTIFF's claim. By these actions herein and in Section V above, it has misrepresented material facts to PLAINTIFF concerning the extent of damages, coverage, and cost of repair. LITTLETON has failed to address all damage to the property and its contents causing further damage to PLAINTIFF. Further, by not addressing all of the damages, LITTLETON has intentionally failed to properly investigate the loss and neglected damaged areas; failed to properly convey all information to PLAINTIFF concerning the damages that needed to be addressed; and has intentionally ignored damages to the property by failing to address them. PLAINTIFF's property suffered from covered losses and damages of which LITTLETON is fully aware. LITTLETON concealed damage known by it to exist by excluding covered damages from the report. LITTLETON has known about covered windstorm, hailstorm and/or water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF's pleas for help. LITTLETON has failed to warn PLAINTIFF of consequential damage to the property.

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

LITTLETON failed to reasonably investigate and perform testing at PLAINTIFF's property.

By its conduct outlined herein and in Section V above, LITTLETON committed unfair practices in the business of insurance prohibited by Chapter 54l, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. LITTLETON committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     LITTLETON made, issued or circulated or caused to be made. issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policies issued or to be issued:

(i)     the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

(2)     LITTLETON made untrue statement of material facts as to the extent of PLAINTIFF's damages. LITTLETON in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF's insurance policy and how it applied to their claim. (Tex. Ins. Code Ann. 541.060(a) (1); 28 TAC section 21.203(1));

(3)     LITTLETON failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(4)     LITTLETON made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

(5)     Failing to respond promptly to a request  by  a claimant for personal

contact  about or review of the claim (28 TAC section   21.203(1 6)).

LITTLETON'S  conduct  as  described  herein  was  a  producing  cause  of

damages to PLAINTIFF  for  which it sues. Pursuant to Texas Insurance Code,

Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three

times the amount of actual damages due LITTLETON'S knowing conduct.

### XIV.   Conspiracy and Fraud

In  addition,  by  DEFENDANTS  actions  listed  in  Section  V  and  above,

PLAINTIFFS allege that GREAT LAKES and LITTLETON have engaged in a concerted

effort, and/or conspiracy to defraud PLAINTIFF of payment due under the insurance

policy.    Together,  LITTLETON  and  GREAT  LAKES  failed  to  properly  process

PLAINTIFF's claims,  failed  to  address  all  damage  to  the  home  and  its  contents,

intentionally failed to fully investigate PLAINTIFF's losses, failed to properly convey

all information to PLAINTIFF regarding the damages and coverage, concealed damages

known  to  exist,  failed  to  properly  perform  testing,  failed  to  warn  PLAINTIFF  of

consequential damages to the home, took advantage of PLAINTIFF's lack of knowledge

in construction, repairs, and insurance claims processing, denied, delayed and/or assisted

in the denial or delay for payment  of  covered insurance claims, misrepresented  and/or

assistance  in  the  misrepresentation  of  insurance  policy  terms;  and  misrepresented

and/or  assisted  in  the  misrepresentation  of  the  amount  and  extent  of  damages  to

PLAINTIFF's property.

LITTLETON  and  GREAT  LAKES  have  acted  to  misrepresent  to

PLAINTIFF the extent of damages to PLAINTIFF's property along with said

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3491-16-A

actions listed in Section V and above, knowing them to be false or making them

recklessly without regard to whether it is true or false, intending PLAINTIFF to

rely on such misrepresentations.   DEFENDANTS intentionally failed to fully

investigate PLAINTIFF's losses in not viewing the entirety of the premises,

including but not limited to the roof, interior walls, windows, and exterior, failed

to properly perform testing to PLAINTIFF's structure, and misrepresented terms

of the insurance policy and coverage related to windstorm, hailstorm, and water

damage under the insurance policy.

## XV.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the

insurance contract, PLAINTIFF has substantially complied and/or is excused. In the

alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every

defense or exclusion plead by GREAT LAKES. As to any exclusion, condition, or

defense pled by GREAT LAKES, PLAINTIFF would show that:

1.   The clear and unambiguous language of the policy provides coverage for

     dwelling damage caused by windstorm and water damage, including the

     cost of access to fix the damaged areas. Any other construction of the

     language of the policy is void as against public policy;

2.   Any other construction and its use by GREAT LAKES violates section

     541 and 542 of the Texas Insurance Code and are void as against public

     policies;

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

3.    Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.    Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.    The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF's predecessor policy with GREAT LAKES. In this regard, PLAINTIFF would show that his insurance policies were renewed uninterrupted for many years; and

6.    The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFF. In the alternative, GREAT LAKES is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policy coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XVI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFF herein requests a jury trial and along with the filing of this Plaintiff's Original Petition and Request for Disclosure has tendered to the Clerk of the Court the statutory jury fee.

Electronically Filed
9/27/2016 4:48:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3491-16-A**

## XVII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, MINERVA GONZALEZ, respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which she may show justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

## XVIII.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF, MINERVA GONZALEZ, requests that DEFENDANTS, GREAT LAKES, LITTLETON, and JOHN D. HOUSE, disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.

805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-1742

_____/s/ John Saenz_____
JOHN SAENZ
State Bar No. 24038046
HILARY N. DUNCAN
State Bar No. 24080868
ATTORNEYS FOR PLAINTIFF

Electronically Filed
12/28/2015 12:01 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly.  This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

EXHIBIT C-3

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

C-3491-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**GREAT LAKES REINSURANCE (UK) SE**
**DRINKER BIDDLE**
**1177 AVENUE OF THE AMERICAS FL. 41**
**NEW YORK NY  10036-2714**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 27th day of July, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-3491-16-A, **MINERVA GONZALEZ VS.  GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE. MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 28th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**ANDRIA GARCIA, DEPUTY CLERK**

**C-3491-16-A**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-3491-16-A**
**92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**LITTLETON GROUP-EASTERN DIVISION, INC.**
**DRINKER BIDDLE**
**1177 AVENUE OF THE AMERICAS FL. 41**
**NEW YORK NY  10036-2714**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 27th day of July, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-3491-16-A, **MINERVA GONZALEZ VS.  GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE. MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 28th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**ANDRIA GARCIA, DEPUTY CLERK**

**C-3491-16-A**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ....................$_____

_____

**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____

**Declarant"**

_____

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

C-3491-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**THE LITTLETON GROUP-EASTERN DIVISION, INC**
**1407 N.  STUART PLACE RD., STE. B.**
**HARLINGEN, TEXAS 78550**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 16th day of August, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-3491-16-A, **MINERVA GONZALEZ  VS.  GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE  MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 17th day of August, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**MONICA VALDEZ, DEPUTY CLERK**

**C-3491-16-A**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
8/19/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

**CAUSE NO.  C-3491-16-A**

| | | |
|---|---|---|
| MINERVA GONZALEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 92ND JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (UK) | § | |
| SE F/K/A GREAT LAKES | § | |
| REINSURANCE (UK) PLC, and THE | § | |
| LITTLETON GROUP-EASTERN | § | |
| DIVISION, INC. | § | HIDALGO COUNTY, TEXAS |
| *Defendants* | § | |

---

**PLAINTIFF'S FIRST AMENDED PETITION AND
REQUEST FOR DISCLOSURE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF, MINERVA GONZALEZ, (hereinafter referred to as "PLAINTIFF"), and files this Plaintiff's First Amended Petition against DEFENDANTS, GREAT LAKES REINSURANCE (UK) SE F/K/A GREAT LAKES REINSURANCE (UK) PLC, and THE LITTLETON GROUP-EASTERN DIVISION, INC., and for cause of action would respectfully show the Court the following:

### I.  Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 2.

### II.  Claim for Relief

Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

1

EXHIBIT C-4

Electronically Filed
9/7/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

## III.

DEFENDANT, GREAT LAKES REINSURANCE (UK) SE, F/K/A GREAT LAKES REINSURANCE (UK) PLC (hereinafter referred to as "GREAT LAKES"), is an insurance company doing business in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service at the following: Drinker Biddle, 1177 Avenue of The Americas, Fl. 41, New York, NY 10036-2714.

DEFENDANT, THE LITTLETON GROUP-EASTERN DIVISION, INC. (hereinafter referred to as "LITTLETON"), is a insurance adjusting company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service at the following: 1407 N. Stuart Place Rd., Ste. B, Harlingen, Texas 78550.

GREAT LAKES and LITTLETON are in the business of insurance in the State of Texas. The insurance business done by DEFENDANTS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF's application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

Electronically Filed
9/2/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

4.    The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF.

5.    The adjusting and inspection of PLAINTFF's insurance claims;

6.    Making insurance coverage decisions;

7.    Taking part in making insurance coverage decisions; and

8.    Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions.

PLAINTFF is a consumer of DEFENDANTS', in that PLAINTIFF purchased insurance from said entity and/or service to be provided by it. Each of said DEFENDANTS are individuals, corporations, associations, partnerships, or other legal entities engaged in the business of insurance. Such DEFENDANTS constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

## IV. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue were issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; Plaintiff's losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to Plaintiff's claims and causes of action occurred in HIDALGO County, Texas.

## V. Facts

GREAT LAKES and LITTLETON and/or their agents committed the actions alleged by PLAINTIFF, MINERVA GONZALEZ, in this complaint. PLAINTIFF owns the property located at: 211 S. Diana St., Elsa, Texas 78543; Policy No. GP15310737451;

Electronically Filed
9/1/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

Claim No. MDC39657.   GREAT LAKES provided insurance coverage to the PLAINTIFF for such dwelling, and personal property, as described above.

Due to storms that occurred in HIDALGO County, Texas on May 30, 2015, PLAINTIFF sustained covered losses in the form of windstorm and water damages resulting therefrom, including, but not limited to, damage to the roof, interior ceilings and walls, and architectural finishes of the property. Said damages occurred during the term of PLAINTIFF's insurance policy. As a result, PLAINTIFF's property sustained damage, including the cost of destruction and restoration of the property necessary to assess and fix the damaged areas.

PLAINTIFF reported the loss to GREAT LAKES pursuant to the terms of the insurance policy. Following PLAINTIFF's claim to GREAT LAKES, an adjuster was sent to the property to assess the damage.  The inspection of the property proved to be inadequate.  The adjuster did not take the time to truly inspect all of the damage that was present, he merely performed a precursory overview, incorrectly dismissing PLAINTIFF's damages as non-storm related.  While a small portion of PLAINTIFF's damages were acknowledged, it was incorrectly categorized PLAINTIFF's damages as uncovered, as non-storm related or as resulting from air duct condensation. GREAT LAKES was thus able to wrongly deny payment for the damages.  PLAINTIFF knew this categorization was false, as the damages occurred following the May 2015 storm. The adjuster did not formally and accurately address the full scope of PLAINTIFF's damages in an estimate. DEFENDANTS completely failed to properly investigate PLAINTIFF's claim, thus any coverage response to the claim was premature.

Electronically Filed
9/12/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

DEFENDANTS incorrectly categorized PLAINTIFF's damages as non-storm related.  It further failed to properly asses PLAINTIFF's damages and denied payment for PLAINTIFF's covered damages. GREAT LAKES did not offer any detailed explanation of PLAINTIFF's coverage or its decision; it simply redacted vague policy language. PLAINTIFF has no understanding of GREAT LAKES's coverage decision as the damages were sustained as a result of the May 2015 storm.

PLAINTIFF's property has since been inspected by an outside contractor who performed a complete inspection of the property, and it has become apparent both that PLAINTIFF suffered extensive storm damage as a result of the May 30, 2015 storm, and also that DEFENDANTS grossly underrepresented the extent of PLAINTIFF's storm damages and the cost that it would take to repair the damages, damages that were covered under PLAINTIFF's insurance policy with GREAT LAKES.  The adjuster failed to properly estimate PLAINTIFF's covered damages. In not performing a complete inspection of the property and not including the full scope of PLAINTIFF's covered damages in an estimate of repair costs, DEFENDANTS did not perform a reasonable investigation into PLAINTIFF's claim.

PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of GREAT LAKES'S conduct.

### VI.  Agency and Respondent Superior

Whenever in this petition it is alleged that the DEFENDANTS did any act or omission, it is meant that DEFENDANTS itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full

Electronically Filed
9/12/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

authorization or ratification of DEFENDANTS or done in normal routine, course and scope of the agency or employment of DEFENDANTS or their agents, officers, servants, employees, or representatives.

## VII.  Conditions Precedent

All notices and proofs of loss were timely and properly given to DEFENDANTS, in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to GREAT LAKES. All of the conditions precedent to bring this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF's recovery have occurred and/or have been performed, GREAT LAKES has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VIII.   Breach of Contract-GREAT LAKES

PLAINTIFF purchased an insurance policy with GREAT LAKES.  PLAINTIFF's property sustained storm damage, covered under the insurance policy. GREAT LAKES has denied payment of PLAINTIFF's covered claims. GREAT LAKES has no reasonable basis for denying, delaying, and failing to pay PLAINTIFF's claim for damages. GREAT LAKES knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay the entirety of such claims as they relate to storm damage to the property, covered by PLAINTIFF's policy. Had DEFENDANTS' adjuster performed a proper inspection of PLAINTIFF's property, DEFENDANTS would know the full

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

extent of the damage. The conduct of GREAT LAKES was irresponsible, and unconscionable as DEFENDANTS did not properly investigate PLAINTIFF's claim and is attempting to deny payment for PLAINTIFF's claim for covered damages. GREAT LAKES took advantage of the PLAINTIFF's lack of sophistication in insurance and construction matters to a grossly unfair degree in omitting all covered damages in an estimate and misrepresenting to PLAINTIFF that PLAINTIFF claim did not warrant payment from GREAT LAKES. By this conduct, GREAT LAKES has misrepresented PLAINTIFF's coverage, extent of damages, and cost to repair.  Through its actions herein and in Section V above, DEFENDANTS breached its contract with the PLAINTIFF. The conduct of GREAT LAKES has proximately caused the injuries and damages to the PLAINTIFF.

### IX.     DTPA Violations-GREAT LAKES

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). In not performing a thorough investigation into PLAINTIFF's claim, not performing a thorough inspection of PLAINTIFF's property, undervaluing PLAINTIFF's repair costs, and basing its coverage amount on an inspection that did not include the full scope of PLAINTIFF's damages, GREAT LAKES took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes.  In stating that there was no coverage for PLAINTIFF's certain damages, GREAT LAKES misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding covered damages to PLAINTIFF's property. By its conduct in herein and in Section V above, GREAT

Electronically Filed
9/2/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

LAKES has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

(a)     GREAT LAKES made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     GREAT LAKES actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     GREAT LAKES failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by GREAT LAKES at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, GREAT LAKES violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

GREAT LAKES's conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues. The conduct of GREAT LAKES was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, GREAT LAKES may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.  PLAINTIFF seeks an award of

Electronically Filed
9/9/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## X.   Unfair Insurance Practices-GREAT LAKES

GREAT LAKES failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair.   GREAT LAKES based its coverage off of an incomplete assessment of PLAINTIFF's damages as damages were omitted from an estimate.  DEFENDANTS represented to PLAINTIFF that it based its coverage decision on the full scope of damage to the property when this was not the case. As such, GREAT LAKES's investigation of PLAINTIFF's claim was improper. By attempting to dispose of the claim without fully assessing all of the damages and cost to repair, DEFENDANTS did not properly process PLAINTIFF's claim.   In stating that there was no coverage, DEFENDANTS has misrepresented material facts to the PLAINTIFF regarding the coverage and extent of the damages.   In relying on inspections that did not account for the full scope of PLAINTIFF's property damage, and then subsequently denying or delaying payment of PLAINTIFF's claim based on the inaccuracies of the inspection, GREAT LAKES failed to address all the damage to the property and its contents causing further damage to PLAINTIFF.

GREAT LAKES has intentionally failed to properly inspect the property and PLAINTIFF's damages before denying payment on the claim, intentionally failed to fully investigate the losses, failed to properly convey all information to PLAINTIFF by not informing him of the full extent of damages that needed to be addressed, and has intentionally and completely ignored those damages.  PLAINTIFF's property suffered from covered losses and damages of which DEFENDANTS is fully aware, particularly as

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

it has since received an estimate based on a complete and thorough inspection from an independent, outside contractor.  GREAT LAKES has concealed damage known by it to exist by failing to assess certain damages from any estimate of costs and not performing a proper investigation into PLAINTIFF's claim. GREAT LAKES has known about covered storm damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PALINTIFF's pleas for help.  GREAT LAKES has failed to warn PLAINTIFF of consequential damage to the property.

By its conduct outlined above, GREAT LAKES committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. GREAT LAKES committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     GREAT LAKES failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF's claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     GREAT LAKES failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     GREAT LAKES refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     GREAT LAKES breached its duty of good faith and fair dealing at common law;

Electronically Filed
8/16/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

(5)     GREAT LAKES failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     GREAT LAKES failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)     GREAT LAKES compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)     GREAT LAKES violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)     GREAT LAKES undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)    GREAT LAKES made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)      the terms of the policy; and/or

        (ii)     the benefits or advantages promised by the policy.

(11)    GREAT LAKES made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

Electronically Filed
9/8/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

(12)     GREAT LAKES failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(13)     GREAT LAKES made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(14)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(15)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

GREAT LAKES'S conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three times the amount of actual damages due to GREAT LAKES's knowing conduct.

**XI.     Breach of the Duty of Good Faith and Fair Dealing-GREAT LAKES**

From and after the time the PLAINTIFF's claims were presented to GREAT LAKES, liability to pay the claims in accordance with the terms of the insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF's claims, GREAT LAKES refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, GREAT LAKES knew or

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

should have known by the exercise of reasonable diligence that liability was reasonably clear, particularly when GREAT LAKES received PLAINTIFF's estimate from the disinterested contractor that inspected the property.  As previously stated in Section V above, GREAT LAKES failed to conduct a reasonable and proper inspection of the claims; by ignoring damages and by its improper investigation and estimation of repair costs, GREAT LAKES refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims.  This constitutes failing to handle or process PLAINTFF's claims in good faith, an affirmative duty placed on the DEFENDANTS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, GREAT LAKES breached its duty to deal fairly and in good faith with the PLAINTIFF. GREAT LAKES breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which she sues.

## XII.   Texas Insurance Code 542, Subchapter B Delay in Payment-GREAT LAKES

Following the May 2015 storm, PLAINTIFF gave notice of the claim to DEFENDANTS, GREAT LAKES. GREAT LAKES has engaged in unfair settlement claims practices as discussed in Section V above and denied and/or delayed payment on PLAINTIFF's claim. GREAT LAKES did not properly investigate PLAINTIFF's claim, and its reliance on reports from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable as a thorough inspection was not performed and it did not take into account all of PLAINTIFF's damages. GREAT LAKES's investigation and use of adjusters' reports was an "outcome oriented investigation" that omitted several covered losses. PLAINTIFF alleges that GREAT LAKES has overused its adjusters and

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

disputes the reliability of its investigative findings as GREAT LAKES's estimate was a fraction of that provided by the disinterested contractor.  GREAT LAKES failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFF's claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)     Failing to request all of the items, statements and forms the DEFENDANTS reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from GREAT LAKES the statutory penalty of 18% per annum on all amounts due on PLAINTIFF's claim, together with attorney's fees, for which she sues.

### XIII. Allegations Against LITTLETON

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). LITTLETON is a "person" subject to the insurance code by its conduct outlined, and engaged in DTPA violations. In not performing a thorough inspection, leaving covered damages off of an accurate estimate of the covered damages, and failing to appropriately value the costs of repair, LITTLETON took advantage of PLAINTIFF's lack of knowledge in

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

construction and insurance claims processes.  In not reporting all of PLAINTIFF's covered damages in its inspection, DEFENDANT misrepresented losses covered under the insurance policies and failed to disclose pertinent information regarding damages to PLAINTIFF's property by failing to inform PLAINTIFF of damages that needed to be addressed.  By its conduct herein and in Section V above, LITTLETON has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

(1)     LITTLETON made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§ 17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(2)     LITTLETON actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief  under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

(3)     As described above, LITTLETON violated Chapter 541.060, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

LITTLETON'S conduct as described herein was a producing cause of damages to PLAINTIFF for which she sues.  The conduct of LITTLETON was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, LITTLETON may be subject to  liability  for additional damages

under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

LITTLETON did not inspect the entirety of PLAINTIFF's property damages, and as such, did not report the full scope of damages an estimate of cost to repair. In doing such, LITTLETON failed to inform PLAINTIFF of material facts such as the cause of damage, true scope of damage and repair cost. LITTLETON failed to properly process claims in not performing a proper investigation into PLAINTIFF's claim. By these actions herein and in Section V above, it has misrepresented material facts to PLAINTIFF concerning the extent of damages, coverage, and cost of repair. LITTLETON has failed to address all damage to the property and its contents causing further damage to PLAINTIFF. Further, by not addressing all of the damages, LITTLETON has intentionally failed to properly investigate the loss and neglected damaged areas; failed to properly convey all information to PLAINTIFF concerning the damages that needed to be addressed; and has intentionally ignored damages to the property by failing to address them. PLAINTIFF's property suffered from covered losses and damages of which LITTLETON is fully aware. LITTLETON concealed damage known by it to exist by excluding covered damages from the report. LITTLETON has known about covered windstorm, hailstorm and/or water damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF's pleas for help. LITTLETON has failed to warn PLAINTIFF of consequential damage to the property.

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

LITTLETON failed to reasonably investigate and perform testing at PLAINTIFF's property.

By its conduct outlined herein and in Section V above, LITTLETON committed unfair practices in the business of insurance prohibited by Chapter 54l, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. LITTLETON committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   LITTLETON made, issued or circulated or caused to be made. issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policies issued or to be issued:

(i)   the terms of the policy; and/or

(ii)   the benefits or advantages promised by the policy.

(2)   LITTLETON made untrue statement of material facts as to the extent of PLAINTIFF's damages. LITTLETON in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF's insurance policy and how it applied to their claim. (Tex. Ins. Code Ann. 541.060(a) (1); 28 TAC section 21.203(1));

(3)   LITTLETON failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(4)   LITTLETON made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

(5)     Failing to respond promptly to a request  by  a claimant for personal

contact  about or review of the claim (28 TAC section   21.203(1 6)).

LITTLETON'S  conduct  as  described  herein  was  a  producing  cause  of

damages to PLAINTIFF for  which it sues. Pursuant to Texas Insurance Code,

Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three

times the amount of actual damages due LITTLETON'S knowing conduct.

### XIV.    Conspiracy  and Fraud

In  addition,  by  DEFENDANTS  actions  listed  in  Section  V  and  above,

PLAINTIFFS allege that GREAT LAKES and LITTLETON have engaged in a concerted

effort,  and/or  conspiracy  to  defraud  PLAINTIFF  of  payment  due  under  the  insurance

policy.    Together,  LITTLETON  and  GREAT  LAKES  failed  to  properly  process

PLAINTIFF's  claims,  failed  to  address  all  damage  to  the  home  and  its  contents,

intentionally failed to fully investigate PLAINTIFF's losses, failed to properly convey

all information to PLAINTIFF regarding the damages and coverage, concealed damages

known  to  exist,  failed  to  properly  perform  testing,  failed  to  warn  PLAINTIFF  of

consequential damages to the home, took advantage of PLAINTIFF's lack of knowledge

in construction, repairs, and insurance claims processing, denied, delayed and/or assisted

in the denial or delay for payment  of  covered insurance claims, misrepresented  and/or

assistance  in  the  misrepresentation  of  insurance  policy  terms;  and  misrepresented

and/or  assisted  in  the  misrepresentation  of  the  amount  and  extent  of  damages  to

PLAINTIFF's property.

LITTLETON  and  GREAT  LAKES  have  acted  to  misrepresent  to

PLAINTIFF the extent of damages to PLAINTIFF's property along with said

Electronically Filed
9/16/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

actions listed in Section V and above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFF to rely on such misrepresentations.   DEFENDANTS intentionally failed to fully investigate PLAINTIFF's losses in not viewing the entirety of the premises, including but not limited to the roof, interior walls, windows, and exterior, failed to properly perform testing to PLAINTIFF's structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

## XV.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by GREAT LAKES. As to any exclusion, condition, or defense pled by GREAT LAKES, PLAINTIFF would show that:

1.   The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.   Any other construction and its use by GREAT LAKES violates section 541 and 542 of the Texas Insurance Code and are void as against public policies;

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

3.      Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.      Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.      The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF's predecessor policy with GREAT LAKES. In this regard, PLAINTIFF would show that his insurance policies were renewed uninterrupted for many years; and

6.      The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFF. In the alternative, GREAT LAKES is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policy coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XVI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFF requested a jury trial and along with the filing of Plaintiff's Original Petition and Request for Disclosure and has tendered to the Clerk of the Court the statutory jury fee.

Electronically Filed
9/6/2016 1:43:04 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

## XVII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, MINERVA GONZALEZ, respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which she may show justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

## XVIII.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF, MINERVA GONZALEZ, requests that DEFENDANTS, GREAT LAKES, LITTLETON, and JOHN D. HOUSE, disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.

805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-1742


_____/s/ John Saenz_____
JOHN SAENZ
State Bar No. 24038046
HILARY N. DUNCAN
State Bar No. 24080868
ATTORNEYS FOR PLAINTIFF

Electronically Filed
11/17/2010 8:15:52 AM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly.  This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

EXHIBIT C-5

C-3491-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**THE LITTLETON GROUP-EASTERN DIVISION, INC**
**1407 N.  STUART PLACE RD., STE. B.**
**HARLINGEN, TEXAS 78550**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 16th day of August, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-3491-16-A, **MINERVA GONZALEZ  VS.  GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE  MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 17th day of August, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**MONICA VALDEZ, DEPUTY CLERK**

**C-3491-16-A**
**OFFICER'S  RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
            miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My  name  is  _____,  my  date  of  birth  is _____ and  the  address  is  _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
8/23/2016 1:54:48 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

C-3491-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**LITTLETON GROUP-EASTERN DIVISION, INC.**
**DRINKER BIDDLE**
**1177 AVENUE OF THE AMERICAS FL. 41**
**NEW YORK NY 10036-2714**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 27th day of July, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-3491-16-A, **MINERVA GONZALEZ VS. GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE. MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 28th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**


_____
**ANDRIA GARCIA, DEPUTY CLERK**

EXHIBIT C-6

Electronically Filed
9/23/2016 1:54:48 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

C-3491-16-A
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

Electronically Filed
9/23/2016 1:54:48 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

# AFFIDAVIT OF SERVICE
### The State of Texas
### Cause Number: C-3491-16-A

|  |  |  |
|---|---|---|
|  | ε | **IN THE 92ND** |
| **MINERVA GONZALEZ** | ε |  |
| **PLAINTIFF(S),** | ε |  |
| **VS.** | ε | **DISTRICT COURTOF** |
| **GREAT LAKES REINSURANCE** | ε |  |
| **(UK) SE, THE LITTLETON GROUP** | ε |  |
| **EASTERN DIVISION, INC.** | ε |  |
| **DEFENDANT(S)** | ε | **HIDALGO COUNTY, TEXAS** |

**For Attorney: John Saenz**
*******************************************************************

Received by Jose Matamoros Civil Process Service on the 17th day of August, 2016 at 9:46 AM

Party to be served: **THE LITTLETON GROUP-EASTERN DIVISION, INC.**
                      **DRINKER BIDDLE**
I, Jose Matamoros, Being duly sworn, depose and say that on the 18th day of August, 2016
9:49am

The party was executed upon, by delivering a true copy of the following documents with the date and hour of service endorsed thereon by Certified Mail Restricted Delivery Return Receipt Requested #**7016-0600-0000-4262-9683**.

    1) **CITATION**
    2) **PLAINTIFF'S ORIGINAL PETITION**
    3) **REQUEST FOR DISCLOSURE**

**To: THE LITTLETON GROUP-EASTERN DIVISION, INC.**
    **DRINKER BIDDLE**
**At the address of: 1407 N. STUART PLACE RD STE. B HARLINGEN, TX 78550**

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct.

My name is **Jose Matamoros,** my date of birth is 09/18/1981, and my address is 3205 E. Yvonne St. Edinburg, Texas 78541 USA. I declare under penalty that he foregoing is true and correct.

Electronically Filed
8/23/2016 1:54:48 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

**Jose Matamoros, Declarant**

Subscribed  and sworn to before me on the ___23rd___
day of __August.__ 2016 by the affiant who is personally
known to me.

NOTARY PUBLIC

**LESVIA MARGARITA PEREZ**
Notary Public, State of Texas
Comm. Expires 02-12-2019
Notary ID 130114927



Electronically Filed
8/23/2016 1:54:43 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

English        Customer Service        USPS Mobile                                        Register / Sign In

**≥USPS.COM**

# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 70160600000042629683

**Updated Delivery Day:** Thursday, August 18, 2016

## Product & Tracking Information

**Postal Product:**                 **Features:**
                                    Certified Mail™

## Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **August 18, 2016 , 9:49 am** | **Delivered, Left with Individual** | HARLINGEN, TX 78552 |

Your item was delivered to an individual at the address at 9:49 am on August 18, 2016 in HARLINGEN, TX 78552.

| | | |
|---|---|---|
| August 18, 2016 , 4:15 am | Arrived at Unit | HARLINGEN, TX 78550 |
| August 17, 2016 , 11:04 pm | Departed USPS Facility | MCALLEN, TX 78501 |
| August 17, 2016 , 9:13 pm | Arrived at USPS Facility | MCALLEN, TX 78501 |

## Track Another Package

**Tracking (or receipt) number**

[                                        ]        **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



HELPFUL LINKS            ON ABOUT.USPS.COM            OTHER USPS SITES            LEGAL INFORMATION

Contact Us              About USPS Home              Business Customer Gateway   Privacy Policy
Site Index              Newsroom                    Postal Inspectors           Terms of Use
FAQs                    USPS Service Updates         Inspector General           FOIA
                        Forms & Publications         Postal Explorer             No FEAR Act EEO Data
                        Government Services          National Postal Museum
                        Careers                     Resources for Developers

Copyright © 2016 USPS. All Rights Reserved.

Electronically Filed
4/23/2016 1:54:48 PM
Hidalgo County District Clerks
Reviewed By: Monica Valdez

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X E. Gonzales ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) E. Gonzales   C. Date of Delivery 8-18-16 |
| 1. Article Addressed to:<br><br>The Littleton Group - Eastern Division inc<br>1407 N. Stuart Place Rd.<br>Ste B.<br>Harlingen, TX 78550 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖ 9590 9401 0093 5168 5838 83 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7016 0600 0000 4262 9683 | |
| PS Form 3811, April 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)          $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required             $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To The Littleton Group - Eastern Division inc
Street and Apt. No., or PO Box No. 1407 N. Stuart Place Rd. Ste B.
City, State, ZIP+4® Harlingen, TX 78550

7016 0600 0000 4262 9683

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Electronically Filed
9/23/2016 5:28:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

C-3491-16-A
## 92ND DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**GREAT LAKES REINSURANCE (UK) SE**
**DRINKER BIDDLE**
**1177 AVENUE OF THE AMERICAS FL. 41**
**NEW YORK NY  10036-2714**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Luis M. Singleterry, 92nd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 27th day of July, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-3491-16-A, **MINERVA GONZALEZ VS.  GREAT LAKES REINSURANCE (UK) SE, THE LITTLETON GROUP-EASTERN DIVISION, INC**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE. MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 28th day of July, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**ANDRIA GARCIA, DEPUTY CLERK**

EXHIBIT C-7

Electronically Filed
9/23/2016 5:28:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

**C-3491-16-A**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
          miles ...................$_____


_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
9/23/2016 5:28:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

# AFFIDAVIT OF SERVICE

### The State of Texas
### Cause Number: C-3491-16-A

|  | ε | IN THE 92ND |
| --- | --- | --- |

**MINERVA GONZALEZ**  ε
     **PLAINTIFF(S),**  ε
**VS.**  ε      **DISTRICT COURTOF**
**GREAT LAKES REINSURANCE**  ε
**(UK) SE, THE LITTLETON GROUP**  ε
**EASTERN DIVISION, INC.**  ε
     **DEFENDANT(S)**  ε      **HIDALGO COUNTY, TEXAS**
**For Attorney: John Saenz**

**********************************************************************

Received by Jose Matamoros Civil Process Service on the 17th day of August, 2016 at 9:46 AM

Party to be served: **GREAT LAKES REINSURANCE (UK) SE**
                  **DRINKER BIDDLE**

I, <u>Jose Matamoros,</u> Being duly sworn, depose and say that on the 1st day of August, 2016
1:54pm

The party was executed upon, by delivering a true copy of the following documents with the date
and hour of service endorsed thereon by Certified Mail Restricted Delivery Return Receipt
Requested #**7016-0600-0000-2051-3713**.

    1) CITATION
    2) PLAINTIFF'S ORIGINAL PETITION
    3) REQUEST FOR DISCLOSURE

**To: GREAT LAKES REINSURANCE (UK) SE**
      **DRINKER BIDDLE**
**At the address of: 1177 AVENUE OF THE AMERICAS FL. 41 NEW YORK, NY 10036-**
**2714**

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a
resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they
apply to service of Process. I am not a party to this suit nor related or affiliated with any herein,
and have no interest in the outcome of the suit. I have never been convicted of a felony or of a
misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein
and they are true and correct.
My name is **Jose Matamoros,** my date of birth is 09/18/1981, and my address is 3205 E.
Yvonne St. Edinburg, Texas 78541 USA. I declare under penalty that he foregoing is true and
correct.

Electronically Filed
8/23/2016 5:28:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

_____

**Jose Matamoros, Declarant**

Subscribed and sworn to before me on the ___23rd___
day of ~~August~~ 2016 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

LESVIA MARGARITA PEREZ
Notary Public, State of Texas
Comm. Expires 02-12-2019
Notary ID 130114927

Electronically Filed
8/23/2016 10:46:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

English     Customer Service     USPS Mobile     Register / Sign In



**USPS.COM**

# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 70160600000020513713

**Expected Delivery Day:** Monday, August 1, 2016

## Product & Tracking Information

| Postal Product: | Features: | |
| --- | --- | --- |
| First-Class Mail® | Certified Mail™ | Return Receipt |

See tracking for related item: **9590940100935168584248**

## Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| August 1, 2016 , 1:54 pm | **Delivered, Front Desk/Reception** | NEW YORK, NY 10036 |
| | Your item was delivered to the front desk or reception area at 1:54 pm on August 1, 2016 in NEW YORK, NY 10036. | |
| July 31, 2016 , 1:48 am | Departed USPS Destination Facility | NEW YORK, NY 10199 |
| July 30, 2016 , 11:06 am | Arrived at USPS Destination Facility | NEW YORK, NY 10199 |
| July 28, 2016 , 9:55 pm | Departed USPS Facility | MCALLEN, TX 78501 |
| July 28, 2016 , 8:57 pm | Arrived at USPS Origin Facility | MCALLEN, TX 78501 |
| July 28, 2016 , 5:40 pm | Departed Post Office | MCALLEN, TX 78501 |
| July 28, 2016 , 3:49 pm | Acceptance | MCALLEN, TX 78501 |

## Track Another Package

Tracking (or receipt) number

[                                    ]     **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



Electronically Filed
8/23/2016 5:28:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

Help

## Product Tracking & Reporting

**UNITED STATES POSTAL SERVICE**

| Home | Search | Reports | Manual Entry | Rates/ Commitments | PTR / EDW | USPS Corporate Accounts | August 23, 2016 |

### USPS Tracking Intranet

### Delivery Signature and Address

 **Container ID Searches**
Do not use the container ID search. Do not share the search results externally. The container ID search may return events that are repeated or belong to another container. To view container events, use the tracking number search results. Please do not log a Help Desk ticket. A fix is in progress.

**Tracking Number: 7016 0600 0000 2051 3713**

**This Item was delivered on 08/01/2016 at 13:54:00**

< Return to Tracking Number View

| Signature | |
| Address | |

Enter up to 35 items separated by commas.

Select Search Type: Quick Search    Submit

Product Tracking & Reporting, All Rights Reserved
Version: 8.0.0.12

Electronically Filed
9/23/2016 5:28:32 PM
Hidalgo County District Clerks
Reviewed By: Andria Garcia

```
               Class          1        $1.36
          Envelope
          (Domestic)
          (NEW YORK, NY  10036)
          (Weight:0 Lb 2.90 Oz)
          (Expected Deli      8.)
          (Monday 08/01/2016)
Certified                      1        $3.30
          (USPS Ce      Mail #)
          (7016060000    513713)
                               1        $2.70
Return
Receipt
          (USPS Return Re eipt #)
          (95909401009351  7 54248)
Affixed                                ($7.36)
Postage
          (Affixed Amount    36)
```



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

NEW YORK, NY 10036

| | |
|---|---|
| Certified Mail Fee $3.30 | 0049 07 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $2.70 | |
| ☐ Return Receipt (electronic) $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $0.00 | Here |
| ☐ Adult Signature Required $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $1.36 | |
| Total Postage and Fees $7.36 | 07/28/2016 |

Sent To Great Lakes Reinsurance (UK) SE
Street and Apt. No., or PO Box No. 1 2 ?
U.S. Avenue of the Americas Fl  ll
City, State, ZIP+4® New York, NY 10036-2704

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

CAUSE NO. C-3491-16-A

| | | |
|---|---|---|
| **MINERVA GONZALEZ** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(UK) SE F/K/A GREAT LAKES** | § | |
| **REINSURANCE (UK) PLC AND THE** | § | |
| **LITTLETON GROUP-EASTERN** | § | |
| **DIVISION, INC.** | § | **92ND JUDICIAL DISTRICT** |
| **Defendants.** | | |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc) ("Great Lakes" or "Defendant") a files its Original Answer in response to Plaintiff Minerva Gonzalez's ("Gonzalez" or "Plaintiff") Original Petition (the "Petition").

## I.  GENERAL DENIAL

1.     Defendant generally denies the allegations in Plaintiff's Petition, and any amendments or supplements thereto as authorized by Rule 92 of the Texas Rules of Civil Procedure, and upon trial of this case will require Plaintiff to prove each and every allegation asserted against it by a preponderance of the evidence, as is required by the laws of this State of Texas and the Constitution of the United States.

## II. AFFIRMATIVE DEFENSES

2.     Plaintiff's claims are barred in whole or in part due to the terms, limitations, restrictions, exclusions, and endorsements contained in and to the Policy that is the basis of Plaintiff's suit.

3.     Plaintiff's claims against Defendant are barred under the doctrines of settlement and release.

1

4823-9462-7639 v1
2919518-000062 09/12/2016

EXHIBIT C-8

4.      Plaintiff's claims are barred by the equitable doctrine of waiver.

5.      Plaintiff's claims are barred by the election of rights doctrine.

6.      Plaintiff's claims are barred by the "one satisfaction" doctrine.

7.      Plaintiff's claims are barred by the economic loss rule.

8.      Plaintiff's claims are barred in whole or in part by accord and satisfaction.

9.      Plaintiff's claims are barred in whole or in part by setoff.

10.     Plaintiff failed to mitigate or minimize its alleged damages.

11.     Plaintiff's claims are barred by the statute of frauds.

12.     Plaintiff is not entitled to 18% statutory interest.

13.     Defendant's actions and omissions, if any, respecting the subject matters in the alleged causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, justified means to further the business purposes of Defendant.

14.     Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.  Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and request that the fact finder apportion responsibility as provided in Chapter 33.

15.     Defendant claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

16.     Any and all claims alleged by Plaintiff are barred, in whole or in part, to the extent they seek an improper punitive damages award for an alleged single wrong because such

2

an award would violate Defendant's rights guaranteed by the United States Constitution, including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Defendant's rights to the Due Course of Law under the Texas Constitution.

17.     Plaintiff is not entitled to punitive damages, and any and all excessive amounts of such damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution, and the United States Constitution, all of which set limits on the award of punitive damages.

18.     Any award of pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice & Remedies Code.

19.     Defendant reserves the right to later amend or add to these affirmative defenses.

## III.     **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Great Lakes Reinsurance (UK) SE (formerly known as Great Lakes Reinsurance (UK) Plc) respectfully requests that the Court enter judgment that Plaintiff take nothing in Plaintiff's suit, that the Court enter an order dismissing Plaintiff's suit with prejudice, Defendant recovers its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

3

Respectfully submitted,

By:   */s/ Eddy De Los Santos*
      **Eddy De Los Santos**
      Texas Bar No. 24040790
      Federal ID No. 602417
      **Katriel Statman**
      Texas Bar No. 24093197
      Federal ID No. 2513924
      **BAKER, DONELSON, BEARMAN,**
      **CALDWELL & BERKOWITZ. P.C.**
      1301 McKinney Street, Suite 3700
      Houston, Texas 77010
      (713) 650-9700 - Telephone
      (713) 650-9701 - Facsimile

      ***Attorneys for Defendant Great Lakes***
      ***Reinsurance (UK) SE (formerly known as***
      ***Great Lakes Reinsurance (UK) Plc)***

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on September _____, 2016, the foregoing Answer and Affirmative Defenses was served on counsel for Plaintiff pursuant to the Texas Rules of Civil Procedure.

John Saenz
Hilary Duncan
John Saenz & Associates, P.C.
805 Dallas Ave.
McAllen, Texas  78501

      */s/ Katriel Statman*
      Katriel Statman

4